IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PEAK FORECLOSURE SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> W. THOMAS FINLEY, CASSIE DEANNE FINLEY, and UNITED STATES OF AMERICA, <br><br> Defendants. | No. 3:16-cv-01941-M |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

On December 20, 2019, the Court held a hearing on the government's Motion (ECF No. 36) to find Defendant W. Thomas Finley in contempt for failing to respond to post-judgment discovery as ordered by the Court. Finley—who is an attorney—appeared in person at the hearing and represented himself; counsel for the government appeared as well. The government called Finley as a witness and submitted documentary evidence in support of its Motion. Finley did not offer any evidence in response. Both parties presented argument. In view of the record, including all the arguments and evidence adduced at the December 20 hearing, the Court recommends the District Judge issue an arrest warrant as to Finley and keep him in custody until he responds to the United States' First Set of Post-Judgment Interrogatories and Request for Production of Documents and he produces the requested documents.

1

## Background

The following facts, which are well-known to the District Judge, are provided for context:

More than three years ago, the United States removed this interpleader case from the 44th Judicial District Court of Dallas County, Texas, to federal court. Notice (ECF No. 1). On October 17, 2016, the District Judge entered an Order (ECF No. 31) granting the government's motion for default judgment against Finley and his wife, Cassie Deanne Finley, finding that Finley is indebted to the United States for unpaid federal income tax in the amount of $591,908.39, plus interest and penalties from July 29, 2016 until paid. Mot. 2. The government subsequently received the interpleaded funds from the District Clerk's Office and applied those funds to Finley's tax debt. *Id.* But Finley has not made any voluntary payments on the outstanding balance, and, as of September 15, 2019, he still owes the government $468,633.99. *Id.*

On February 13, 2017, counsel for the government served its First Set of Post-Judgment Interrogatories and Request for Production of Documents (the "Discovery") on Mr. Finley. *Id.* When Finley failed to respond to the Discovery, counsel for the government filed a Motion to Compel Finley to Respond to United States' Post-Judgment Discovery (ECF No. 33). This Court granted the government's motion to compel (ECF No. 35) and ordered Finley to respond to the Discovery by November 13, 2018. To date, Finley has not fully responded to the Discovery. Mot. 2. The government also served a deposition notice duces tecum on

Finley, seeking his post-judgment deposition to take place on December 12, 2018. *Id.* Finley failed to appear at his post-judgment deposition or produce any documents requested in the deposition notice duces tecum. *Id.*; *see also* Mot. Ex. 4 (cert. of non-appearance) (ECF No. 36-4). The government did not immediately seek relief from this Court because a Dallas County, Texas grand jury returned an indictment against Finley, charging him with felony theft of at least $200,000. Mot. 2-3; *see also* Mot. Ex. 5 (Indictment in Case No. F-1800311, *The State of Texas vs. Walter Thomas Finley*) (ECF No. 36-5). Finley pleaded guilty to that crime, and he was sentenced on September 11, 2019, to 10 years' deferred-adjudication probation. Mot. 3; *see also* Mot. Ex. 7 (Judgment) (ECF No. 36-7). Less than two weeks later, on September 23, 2019, the government filed the pending Motion, seeking a show cause order and to compel Finley's participation in discovery. Finley failed to file a response. The Court set the Motion for a hearing on December 20, 2019. Order (ECF No. 38).

The Court also ordered Finley to appear for a post-judgment deposition, and bring the documents requested in the deposition notice duces tecum, at a mutually-agreed upon date, time, and location, no later than December 13, 2019. *Id.* The government then served another deposition notice duces tecum on Finley for a deposition on December 9, 2019. Hrg. Ex. 9. Finley appeared for the deposition on December 9, but he did not bring any documents with him. *See* Hrg. Ex. 14 at p. 9, ll. 22-24; p. 19, ll. 20. Finley also refused to answer many of the government's questions or answered, "I don't know" or "I don't remember." *See,*

*e.g.,* Hrg. Ex. 14 at p. 10, ll. 14 to p. 11, ll. 8; p. 14, ll. 2-7; p. 20, ll. 21 to p. 22, ll. 5; p. 55, ll. 1-8; p. 60, ll. 25 to p.66, ll. 16; p. 82, ll. 13 to p. 92, ll. 22. When the government called Finley as a witness at the December 20 hearing, he repeated this pattern of behavior, obfuscating and refusing to answer questions. Finley did not dispute that he failed to comply with the Court's Orders to respond to the Discovery; nor did he offer any excuse for his failure to produce the documents required to be produced under the Court's Orders.

## Legal Standards and Analysis

Federal Rule of Civil Procedure 69 allows for discovery in aid of executing a judgment. Fed. R. Civ. P. 69(a)(2). Rule 37 allows a court to sanction a party for failing to attend that party's properly-noticed deposition. *Id.* 37(d)(1). Here, the government asks the Court to sanction Finley for failing to appear at his properly-noticed deposition on December 12, 2018. The Court grants the request and ORDERS Finley to reimburse the government for the cost of the court reporter's record of his non-appearance at the December 12, 2018 deposition. The government may provide and invoice for the cost of the court reporter's record directly to Finley, and Finley must remit payment to the government no later than January 3, 2020.

The government further asks the Court to recommend to the District Judge that Finley be held in civil contempt for disobeying the Court's Orders to respond to the Discovery and to have him arrested and incarcerated until he complies with the Court's Orders. The violation of a discovery order may result in sanctions,

including holding the disobedient party in contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(vii). A court may exercise its civil contempt power "to coerce the [party] into compliance with the court's order, and to compensate the complainant for losses sustained." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947) (citation omitted). To prove that Finley should be held in civil contempt, the government must establish by clear and convincing evidence that: (1) a court order was in effect; (2) the order required specified conduct by Finley; and (3) Finely failed to comply with the order. *See United States v. City of Jackson*, 359 F.3d 727, 731 (5th Cir. 2004) (citing *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000)). Furthermore, "the contemptuous actions need not be willful so long as the contemnor actually failed to comply with the court's order." *Am. Airlines*, 228 F.3d at 581 (citing *N.L.R.B. v. Trailways, Inc.,* 729 F.2d 1013, 1017 (5th Cir. 1984)); *Jim Walter Res., Inc. v. Int'l Union, United Mine Workers of Am.*, 609 F.2d 165, 168 (5th Cir. 1980) (quoting *United States v. Ross*, 243 F. Supp. 496, 499 (S.D.N.Y. 1965)) ("In civil contempt proceedings the question is not one of intent but whether the alleged contemnors have complied with the court's order").

The government has satisfied its burden here, as it has proved—by clear and convincing evidence—that Finley failed to comply with (1) the October 29, 2018 Order (ECF No. 35) requiring Finley to respond to the government's post-judgment discovery requests and (2) the November 14, 2019 Order (ECF No. 38) requiring Finley to appear for a deposition no later than December 13, 2019, and

5

to bring the documents requested in the deposition notice *duces tecum* to that deposition. Both Orders required specified conduct by Finley, including unambiguous instructions that Finley produce the documents sought by the government's written discovery requests. The uncontroverted evidence further established that Finely failed to comply with those Orders and that he has refused to produce any written documents to the government. Accordingly, the District Judge should hold Finley in civil contempt and have him arrested and incarcerated until he complies with the Court's Orders, responds to the United States' First Set of Post-Judgment Interrogatories and Request for Production of Documents, and produces the requested documents.

## Recommendation

For the reasons stated, the Court should ORDER that a Warrant be issued as to W. Thomas Finley for his contempt of this Court's Orders to respond to the United States' First Set of Post-Judgment Interrogatories and Request for Production of Documents and produce the requested documents. W. Thomas Finley should be kept in custody until he purges himself of his contempt and responds to the United States' First Set of Post-Judgment Interrogatories and Request for Production of Documents and produces the requested documents.

December 20, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The Court announced its findings, conclusions, and recommendation to the parties at the conclusion of the December 20, 2019 hearing. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).